UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVERGREEN MEDIA HOLDINGS, LLC, and TONY DEROSA-GRUND<br>*Plaintiffs,*<br>v.<br>WARNER BROS. ENTERTAINMENT, INC. and NEW LINE PRODUCTIONS, INC.<br>*Defendants* | § § § § § § § § § § § | Civil Action No. 4:14-cv-00793<br>(LEAD CASE) |
| EVERGREEN MEDIA HOLDINGS, LLC, TONY DEROSA-GRUND, and GERALD D. BRITTLE,<br>*Plaintiffs,*<br>v.<br>LORRAINE WARREN, TONY SPERA, GRAYMALKIN MEDIA, LLC, NEW LINE PRODUCTIONS, INC., and WARNER BROS. ENTERTAINMENT, INC.,<br>*Defendants.* | § § § § § § § § § § § § | Civil Action No. 4:14-cv-01117 |

## MOTION FOR LEAVE TO FILE SUR-REPLY MEMORANDUM

Plaintiffs, Evergreen Media Holdings, LLC ("EMH") and Tony DeRosa-Grund ("Mr. DeRosa-Grund") (collectively, "Plaintiffs") hereby seek leave to file a sur-reply memorandum.

The present issue before the Court is simple and straightforward: should the question of whether the arbitration provisions, the governing law/dispute resolution provisions and the injunctive relief provisions in the Agreements between the parties are valid and enforceable be decided by the Court or by the arbitrator?

Defendants' Reply (Docket/Document #28):

(i) is allegedly "supported" by the Declarations of Michael J. O'Connor and Craig Alexander -- but such declarations are **specious**, containing numerous misrepresentations and falsehoods;

      (ii) **misinterprets** the applicable law cited by Plaintiffs (and the applicable and relevant law generally) and inexplicably and untenably relies upon an unpublished decision that is not relevant and has no precedential value under California law; and

      (iii) **lacks grounds** to legitimately dispute the issue presently before the Court and to make up for this lack of grounds **ignores** the actual issue and instead tries to convince the Court to jump over the issue at hand and simply "rule" in Defendants' favor and send the parties to arbitration (denying Mr. DeRosa-Grund his right to judicial review of the issue).

Plaintiffs submit that, in view of the foregoing, there is good cause to grant Plaintiffs' motion for leave to file a sur-reply memorandum. A copy of Plaintiffs' proposed sur-reply memorandum is attached hereto.[1]

## CONCLUSION

Preferably, the Court will reject Defendants' Reply and the specious "supporting" papers out-of-hand and decide the issue on the previously filed papers. In such scenario, Plaintiffs submit that, for the reasons advanced in previous filings, an order should be entered staying the arbitration.[2] Alternatively, Plaintiffs ask the Court for leave to file the attached proposed sur-

---

[1] Plaintiffs are attaching the proposed sur-reply memorandum to this motion in advance of the Court's ruling on the motion in order to make plain that the relief sought in such motion is NOT an attempt by Plaintiffs in any way to delay the Court proceedings.

[2] During the status conference on June 27, 2014, the Court ordered Defendants' counsel to submit a draft Order that might be entered if the Court were to rule in Defendants' favor on their Motion to Dismiss. It is noted that Defendants' counsel has not submitted a draft Order.. Plaintiffs' counsel asks for leave to file a draft order with their sur-reply, namely, an order staying the arbitration pending the outcome of these proceedings. Defendants' counsel seem likely to not have filed the draft Order as directed because, in doing so, they would have had to have admitted

reply memorandum. Plaintiffs respectfully submit that to do otherwise, i.e., to grant Defendants' Motion based upon the Reply and specious "supporting" papers - without giving Plaintiffs an opportunity to address the same in a sur-reply memorandum - would be an untenable denial of due process, result in an incomplete (and grossly inaccurate record) and severely prejudice Plaintiffs.

Respectfully submitted,

By:/s/ Sanford L. Dow
    Sanford L. Dow
    S.D. Texas No. 17162
    Texas Bar No. 00787392
    Nine Greenway Plaza, Suite 500
    Houston, Texas 77046
    (713) 526-3700/FAX (713) 526-3750
    dow@dowgolub.com

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:

DOW GOLUB REMELS & BEVERLY, LLP
Stephanie A. Hamm
S.D. Texas No. 108779
Texas Bar No. 24069841
Nine Greenway Plaza, Suite 500
Houston, Texas 77046
(713) 526-3700/FAX (713) 526-3750
sahamm@dowgolub.com

---

that: (i) there are numerous claims raised in these consolidated proceedings that are not subject to arbitration, e.g., Third Cause of Action (tortious interference with business relations) and Eighth Cause of Action (violation of §43(a) of the Lanham Act) of the Complaint in the Lead Case; and (ii) there are parties involved in these proceedings, e.g., Plaintiff Gerald Brittle and Defendants Lorraine Warren, Tony Spera and Graymalkin Media, LLC, who are **not** parties to the arbitration and can **never** be parties to the arbitration. In other words, regardless of the outcome of Defendants' Motion to Dismiss, the entirety of these proceedings cannot be dismissed. Thus, Defendants' statements on page 1 of Defendants' Reply are **utterly false**, e.g., statements that: "DeRosa-Grund will have the opportunity to present all of his legal and factual arguments ... in the parties' ongoing arbitration." and "[B]ecause *all* of DeRosa-Grund's claims are currently being arbitrated (or are clearly arbitrable), this case must be stayed or dismissed in its entirety." (italics original).

GRIMES LLC
Charles W. Grimes
Connecticut Juris No. 304368
(admitted pro hac vice)
grimes@gandb.com
Michael R. Patrick
Connecticut Juris. No. 423632
(admitted pro hac vice)
patrick@gandb.com
488 Main Avenue
Norwalk, Connecticut 06851
Tel: (203) 849-8300/FAX: (203) 849-9300

## CERTIFICATE OF SERVICE

On July 14, 2014, I electronically submitted the foregoing document with the Clerk of the Court of the United States District Court for the Southern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically using the CM/ECF filing system or by any other manner authorized by Federal Rule of Civil Procedure (5)(b)(2):

/s/ Stephanie A. Hamm
Stephanie A. Hamm