UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVERGREEN MEDIA HOLDINGS, LLC and TONY DEROSA-GRUND | § § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | CIVIL ACTION NO. 4:14-CV-00793 ("Senior Case") |
| WARNER BROS. ENTERTAINMENT, INC. and NEW LINE PRODUCTIONS, INC. | | |
| Defendants. | | |

*Consolidated with*

| | | |
|---|---|---|
| EVERGREEN MEDIA HOLDINGS, LLC, TONY DEROSA-GRUND, and GERALD D. BRITTLE, | § § § § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | CIVIL ACTION NO. 4:14-CV-01117 ("Junior Case") |
| LORRAINE WARREN, TONY SPERA, GRAYMALKIN MEDIA, LLC, NEW LINE PRODUCTIONS, INC., and WARNER BROS. ENTERTAINMENT, INC., | | |
| Defendants. | | |

## DEFENDANTS LORRAINE WARREN'S AND TONY SPERA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants Lorraine Warren and Tony Spera file this Motion to Dismiss Plaintiffs Evergreen Media Holdings, LLC's ("Evergreen"), Tony DeRosa-Grund's, and Gerald D. Brittle's ("Plaintiffs") Complaint for Lack of Personal Jurisdiction as follows:

I. **Summary of Motion**

The Court should dismiss Plaintiffs' Complaint against Mrs. Warren and Mr. Spera pursuant to Federal Rule of Civil Procedure 12(b)(2) for the following reasons: Mrs. Warren and Mr. Spera have not purposefully directed any activities to Texas; Plaintiffs' claims do not arise out of any forum-related activities of Mrs. Warren and Mr. Spera; and the exercise of jurisdiction would be unreasonable. As established in their declarations, Mrs. Warren and Mr. Spera – who reside in Connecticut – have not entered into any contracts in Texas, have not interfered with any of the contracts alleged in the Complaint, anywhere and certainly not in Texas, have not committed any tortious acts in Texas, have not directed any tortious acts toward Texas, and have not undertaken to infringe or assist anyone else in infringing any purported copyrights of Plaintiffs in Texas, or elsewhere. Accordingly, Plaintiffs cannot meet their burden of establishing that Mrs. Warren and Mr. Spera are subject to personal jurisdiction in Texas.

II. **Oral Argument Requested**

Mrs. Warren and Mr. Spera request oral argument. In light of Plaintiffs' allegations and the various claims against Mrs. Warren and Mr. Spera, Mrs. Warren and Mr. Spera believe oral argument would be beneficial to the Court.

III. **Nature and Stage of Proceeding and Issue to be Ruled Upon**

In the Senior Case (4:14-CV-00793), Plaintiffs Evergreen Media Holdings, LLC and Mr. DeRosa-Grund sued New Line Productions, Inc. and Warner Bros. Entertainment Inc. (but not Mrs. Warren or Mr. Spera), asserting various claims relating to the exploitation in film of certain paranormal investigation case files. Warner Bros. and New Line filed a motion to stay or dismiss because of a pending arbitration between the same parties (or, alternatively, to transfer venue), which is fully briefed and pending. The Junior Case (4:14-CV-01117), to which this

motion relates, was recently consolidated with the Senior Case. This motion raises the following issues to be ruled upon:

(1) Whether Mrs. Warren and Mr. Spera are subject to personal jurisdiction in Texas when they are both Connecticut residents who did not enter into any contract with a Texas resident, did not interfere in Texas or anywhere else with any of the contracts alleged in the Complaint, and have not committed any tortious acts in Texas; and

(2) Whether the assertion of personal jurisdiction over Mrs. Warren and Mr. Spera would be reasonable, given that Mrs. Warren is 87 years old, cannot travel unescorted, has been recovering from a broken shoulder for the last six months, Mr. Spera is a retired police officer of limited means, given that Texas has no unique interest in adjudicating this dispute, and given that many of the documents that Mrs. Warren and Mr. Spera will rely upon (in addition to each other as witnesses) are located in Connecticut.

The standard is set forth below.

## IV. Argument

**A. Plaintiffs' Allegations of Personal Jurisdiction.**

Plaintiffs allege only specific personal jurisdiction. *See* Pls.' Orig. Compl. (Doc. No. 1[1]) ¶ 10. Plaintiffs claim that Mrs. Warren and Mr. Spera have "transacted business in and/or purposefully directed [their] acts toward the Southern District of Texas." *Id.* ¶¶ 4, 5. Under the heading "Jurisdiction and Venue," Plaintiffs allege that "this lawsuit: (i) arises from acts and/or transactions occurring within and/or directed towards Texas; (ii) is connected with acts and/or transactions occurring within and/or directed towards Texas; and/or (iii) relates to the purposeful

---

[1] All docket references are to the Junior Case (Cause No. 4:14-cv-01117).

acts and/or transactions of the non-resident Defendants, and those purposeful acts occurred within and/or were directed towards Texas." *Id.* ¶ 10. Plaintiffs also allege that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. *Id.* Additionally, Plaintiffs allege there were four agreements "entered into in Texas and Pennsylvania/Connecticut . . . ." *Id.* ¶ 18. There are no other jurisdictional allegations against Mrs. Warren or Mr. Spera.

Mrs. Warren is eighty-seven (87) years old and currently and at all material times lived in Connecticut. *See* Ex. 1, Warren Decl. ¶ 2. Mr. Spera, a retired police officer, also currently resides and at all material times resided in Connecticut. *See* Ex. 2, Spera Decl. ¶¶ 2, 7. Mr. Brittle – with whom Mrs. Warren allegedly signed the 1978 Collaboration Agreement and alleged amendment thereto – currently lives in Richmond, Virginia,[2] and at no time material to Plaintiffs' allegations lived in Texas. *See* Ex. 1, Warren Decl. ¶ 4. There are no agreements of which Mrs. Warren and Mr. Spera are aware that specify Texas choice of law or venue. *See id.*; *see also* Ex. 2, Spera Decl. ¶ 4.

**B.  Legal Standard.**

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994) (citation omitted); *see also Arriaga v. Imperial Palace, Inc.*, 252 F. Supp. 2d 380, 383 (S.D. Tex. 2003). A plaintiff's allegations are taken as true only if they are uncontroverted by the defendants. *See Arriaga*, 252 F. Supp. 2d at 383. Here, Mrs. Warren and Mr. Spera have controverted all of Plaintiffs' jurisdictional allegations.

---

[2] *See* Pls.' Compl. ¶ 3.

Personal jurisdiction over a nonresident defendant is only proper if: "(1) the defendant is amenable to service of process under the forum state's long-arm statute; and (2) the exercise of personal jurisdiction over the defendant is consistent with due process." *LeBlanc v. Patton-Tully Trans., LLC*, 138 F. Supp. 2d 817, 818 (S.D. Tex. 2001) (citation omitted). Since the Texas long-arm statute authorizes the exercise of personal jurisdiction to the extent allowed by the Due Process Clause of the Fourteenth Amendment, the only question is whether the exercise of personal jurisdiction comports with federal due process. *See Arriaga*, 252 F. Supp. 2d at 383 (citing *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001)).

Exercising personal jurisdiction over a defendant only comports with due process when "(1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Panda Brandywine Corp.*, 253 F.3d at 867 (citation omitted). To establish minimum contacts necessary to support specific jurisdiction,[3] a plaintiff must establish that the defendant has "purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* at 868 (citation omitted). Thus, when combined with the requirement that the exercise of jurisdiction not offend traditional notions of fair play and substantial justice (*i.e.,* must be fair and reasonable), a plaintiff must prevail on three issues in order to establish personal jurisdiction:

---

[3] Plaintiffs do not even allege that Mrs. Warren or Mr. Spera have the sort of affiliations with Texas that are so constant and pervasive as to render them essentially at home in Texas as required to support general jurisdiction. *See* Pls.' Orig. Compl. (Doc. No. 1) ¶ 10; *see generally Daimler AG v. Bauman*, --- U.S. ----, 134 S. Ct. 746, 751 (2014) (noting that to support general jurisdiction, the defendant's affiliations with the state must be "so constant and pervasive 'as to render [it] essentially at home in the forum State'") (citation omitted).

> (1) whether the defendant . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 484 (5th Cir. 2008). None of the three requirements is satisfied in this case.

### (1) "Purposeful Direction" Requirement Not Satisfied.

First, the Court lacks personal jurisdiction because the "purposeful direction" requirement is not satisfied. The purposeful direction requirement necessitates some affirmative act directed to the forum state on behalf of the defendant and cannot be based on the acts of the plaintiff or a third party. *See Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007). For instance, "[i]t is well established that 'merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction.'" *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004). Indeed, "engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish the minimum contacts necessary . . . ." *See id.*

Allegations of tortious interference with the contract rights of a resident of the forum are not sufficient to establish specific personal jurisdiction. For instance, in *Panda Brandywine Corp. v. Potomac Electric Power Co.*, 253 F.3d 865 (5th Cir. 2001), the Fifth Circuit held that the district court lacked personal jurisdiction over the defendant in Texas for alleged tortious interference with the financing arrangements of a Maryland power plant. *See id.* at 867, 870. The court held that personal jurisdiction was lacking in part because the defendant's alleged

tortious interference had "no relation to Texas other than the fortuity that [the plaintiffs] reside there." *Id.* at 869.

As to copyright infringement, simply proving that a plaintiff will feel the "effects" of the alleged infringement in Texas is not sufficient. *See Healix Infusion Therapy, Inc. v. HHI Infusion Servs.*, No. H-09-3440, 2010 WL 2277389, at *5 (S.D. Tex. June 3, 2010) (holding no personal jurisdiction in copyright infringement case merely because defendant had "knowledge that the owner of the infringed intellectual property resides in Texas" and the alleged infringement inflicted harm on Texas resident). This is consistent with the Supreme Court's recent reiteration that "mere injury to a forum resident is not a sufficient connection to the forum." *Walden v. Fiore*, 134 S. Ct. 1115, 1125 (2014).

Here, Mrs. Warren's and Mr. Spera's declarations specifically controvert Plaintiffs' jurisdictional allegations and establish that neither "purposefully directed" any acts toward Texas. Both Mrs. Warren and Mr. Spera reside in Connecticut. *See* Ex. 1, Warren Decl. ¶ 2; Ex. 2, Spera Decl. ¶ 2. Neither Mrs. Warren nor Mr. Spera have any business dealings in Texas, nor have they entered into any contracts in Texas or with Evergreen or Mr. DeRosa-Grund. *See* Ex. 1, Warren Decl. ¶¶ 3-5; Ex. 2, Spera Decl. ¶¶ 3-5. As to the alleged contract between Mr. Brittle and Mrs. Warren – the "Collaboration Agreement" – Mr. Brittle is a resident of Richmond, Virginia (according to Plaintiffs' own admission in the Complaint). *See* Pls.' Orig. Compl. (Doc. No. 1) ¶ 3. Further, neither Mr. Brittle nor Mrs. Warren were residents of Texas at the time the Collaboration Agreement was allegedly signed. *See* Ex. 1, Warren Decl. ¶ 4.

In the last ten years, Mrs. Warren and Mr. Spera have only travelled to Texas for one day, and even then it was only so that Mrs. Warren could speak at an event at the University of Texas at Arlington, a trip having nothing to do with Plaintiffs' allegations. *See* Ex. 1, Warren Decl. ¶ 3;

Ex. 2, Spera Decl. ¶ 3. In any event, Plaintiffs are not suing based on a breach of any contract between Mrs. Warren and Evergreen or Mr. DeRosa-Grund. Although Mr. Brittle asserts breach of contract against Mrs. Warren, Mr. Brittle, as noted above, is not now and was not a resident of Texas at the time that he allegedly entered into the "Collaboration Agreement" with Mrs. Warren upon which the claim is based. *See* Ex. 1, Warren Decl. ¶ 4; Pls.' Compl. ¶ 3.

The alleged tortious interference of Mrs. Warren and Mr. Spera has no relation to Texas other than the fortuity that Mr. DeRosa-Grund and Evergreen reside there, and there is no allegation that Mrs. Warren and Mr. Spera have committed tortious acts in Texas. In any event, they have not committed tortious acts in Texas, have not interfered with any of the contracts discussed in the Complaint in Texas or elsewhere, and have not undertaken to infringe or assist anyone else in infringing Plaintiffs' purported copyrights. *See* Ex. 1, Warren Decl. ¶¶ 5-6; Ex. 2, Spera Decl. ¶¶ 5-6. Based on the authorities above, Plaintiffs' allegation that the four alleged Warren Agreements were "entered into in Texas and Pennsylvania/Connecticut"[4] is thus not only factually inaccurate, it is also insufficient to establish "purposeful direction." Because Plaintiffs cannot establish that Mrs. Warren and Mr. Spera "purposefully directed" any activities toward Texas, or otherwise purposefully availed themselves of the benefits and protections of Texas law, the Court lacks personal jurisdiction.

### (2) Plaintiffs' Claims Do Not "Arise Out of Forum-Related Contacts."

Additionally, the Court should dismiss the Complaint for lack of personal jurisdiction because Plaintiffs' claims do not arise out of any forum-related contacts of Mrs. Warren or Mr. Spera. As noted, Mrs. Warren and Mr. Spera have not committed any tortious acts in Texas, have not directed any tortious acts toward Texas, have not entered into any contracts in Texas,

---

[4] Pls.' Compl. (Doc. No. 1) ¶ 18.

have not interfered with any of the contracts alleged in the Complaint in Texas or elsewhere, and have not undertaken to infringe or assist anyone else in infringing any purported copyrights of Plaintiffs.  *See* Ex. 1, Warren Decl. ¶¶ 3-6; Ex. 2, Spera Decl. ¶¶ 3-6.  Further, as noted above, as to Mr. Brittle's claim against Mrs. Warren for breach of contract, Mr. Brittle is not now and was not a resident of Texas at the time that he allegedly entered into the "Collaboration Agreement" with Mrs. Warren upon which the claim is based.  *See* Ex. 1, Warren Decl. ¶ 4; Pls.' Compl. ¶ 3.  Thus, there are no "forum-related contacts" from which Plaintiffs' claims could arise.

### (3) "Reasonableness" Requirement Not Satisfied.

Finally, the Court should dismiss for lack of personal jurisdiction because the third requirement (*i.e.,* the exercise of jurisdiction must be reasonable) is not satisfied.  Courts examine five factors in determining whether the exercise of jurisdiction is fair and reasonable: "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies."  *AllChem Performance Prods., Inc. v. Aqualine Warehouse, LLC*, 878 F. Supp. 2d 779, 787 (S.D. Tex. 2012) (citation omitted).

Here, exercising jurisdiction would impose an enormous burden on both Mrs. Warren and Mr. Spera.  Mrs. Warren is eighty-seven (87) years old, cannot travel unescorted, has been recovering from a broken shoulder for the last six months, and suffers from glaucoma and macular edema, all of which make traveling to Texas to defend this lawsuit extremely burdensome.  *See* Ex. 1, Warren Decl. ¶ 7.  Mr. Spera, like Mrs. Warren, is retired and resides in Connecticut.  Ex. 2, Spera Decl. ¶¶ 2, 7.  Mr. Spera has limited means, and forcing him to travel to Texas to defend this lawsuit would similarly be burdensome.  *See* Ex. 2, Spera Decl. ¶ 7.

Texas also has no unique interest in adjudicating the dispute. Plaintiffs' claims include claims for copyright infringement and contributory copyright infringement, which are based on Federal, not Texas, law. Further, Plaintiffs' state-law claims are not based on conduct that occurred in Texas, nor are the claims unique to Texas (they could be asserted in most jurisdictions, including Connecticut).[5] Additionally, because many of the documents that Mrs. Warren and Mr. Spera will rely upon (in addition to each other as witnesses) are located in Connecticut,[6] there would be significant efficiencies in litigating this dispute in another forum – namely, Connecticut. Thus, four of the five factors weigh in favor of concluding that exercising jurisdiction would be unreasonable.[7]

Accordingly, the Court should dismiss for lack of personal jurisdiction because Mrs. Warren and Mr. Spera have not "purposefully directed" any activities to Texas or otherwise purposefully availed themselves of the benefits and protections of Texas law; Plaintiffs' claims do not arise out of any forum-related contacts of Mrs. Warren or Mr. Spera; and the exercise of jurisdiction would be unreasonable.

V. **Conclusion and Prayer**

For the foregoing reasons, Defendants Lorraine Warren and Tony Spera respectfully request that the Court dismiss Plaintiffs' claims for lack of personal jurisdiction and grant Defendants such other relief to which they may be justly entitled.

---

[5] *See Appleton v. Bd. of Educ. of Town of Stonington*, 757 A.2d 1059, 1063 (Conn. 2000) (tortious interference with contract); *Bruno v. Whipple*, 54 A.3d 184, 191-93 (Conn. App. 2012) (breach of contract and breach of implied covenant of good faith and fair dealing); *Patterson v. Sullo*, No. CV116008633, 2012 Conn. Super. LEXIS 87, at *11-14 (Conn. Super. Ct. Jan. 5, 2012) (fraud and civil conspiracy).

[6] *See* Ex. 1, Warren Decl. ¶ 8; Ex. 2, Spera Decl. ¶ 8.

[7] The fifth factor is inapplicable.

Respectfully Submitted,

JACKSON WALKER L.L.P.

*/s/ Charles L. Babcock*
Charles L. "Chip" Babcock
State Bar No. 01479500
S.D. ID # 10982
*Attorney-in-Charge*
cbabcock@jw.com
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – Fax
**ATTORNEYS FOR DEFENDANTS WARNER BROS. ENTERTAINMENT, INC., NEW LINE PRODUCTIONS, INC., TONY SPERA, AND LORRAINE WARREN**

OF COUNSEL:

JACKSON WALKER L.L.P.

Courtney T. Carlson
State Bar No. 24065004
S.D. ID # 1115579
ccarlson@jw.com
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – Fax

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2014, a copy of the foregoing document was filed electronically using the Court's Electronic Case Filing System, which will provide electronic notification of its filing to all counsel who have appeared in this action.

*/s/ Charles L. Babcock*
Charles L. Babcock

10590340v.7